CASE and others *vs.* ARNETT and others.

1. Machines in a factory *held* not to be fixtures, and not subject to mechanics' liens, as part of the realty.

2. By a decree in a foreclosure suit, certain machines on the mortgaged premises, regarded as fixtures so far as the complainants' mortgage was concerned, were sold with the premises, to raise the amount due on that mortgage, which was undisputed.  The balance of the money was to be brought into court to abide the event of litigation between defendants.  The owners of the premises had filed their answer, and also a cross-bill in that suit against lien claimants, their co-defendants, insisting the machines were not a part of the realty.  *Held,* in the suit under the cross-bill, that the effect of the decree for sale in the foreclosure suit, was only to transfer the litigation between the parties to the cross-bill from the property to the surplus, and not to affect the rights therein of the complainants to the cross-bill.

3. In the disposition of such surplus, the complainants were held to be entitled to receive not the full value of the machines at the time of the sale, unless the property was sold at a full price, but an equitable proportion of the surplus, having due regard to the depreciation of the whole property in the sale, if it, in fact, brought at the sale less than its value.

*Mr. G. A. Allen*, for complainants.

*Mr. C. A. Skillman*, for defendants.

THE CHANCELLOR.

The only questions presented on the hearing were, whether certain machines which were put into the factory building on the mortgaged premises, and which were sold with it under the decree in the original suit, were subject to the mechanic's lien claims of the defendants against the building and land on which it is situated; and whether, if they were not, the complainants should be decreed to receive out of the money in court (the surplus of that sale, after payment of the mortgage debt and costs of the complainant in the original suit,) the value of the machines. The original suit was brought for foreclosure and sale of the premises under the mortgage of Ruloff Van Dyke, the complainant therein. The parties to this suit were defendants in that action. The complainants in this suit, which was commenced by cross-bill, were made defendants in the original suit, by reason of the ownership, by each of them, of an undivided share of the factory and land subject to the Van Dyke mortgage. When they bought their interests in the factory premises, there were mechanics' lien claims in existence, but not yet filed, and of which they had no notice, in favor of the defendants to the cross-bill. They afterwards put into the factory, for use therein, certain machines. The lien claimants insisted, in the original suit, and also in the cross suit, that those machines were subject to their liens. The complainants in the cross suit insisted, as they did in their answer in the original one, that the machines were not part of the realty, and therefore were not subject to the liens. By a decree made on the 7th of December, 1869, in the original suit, it was ordered that the mortgaged premises be sold, and after payment out of the proceeds of the amount due Van Dyke on his mortgage, which was the first encumbrance, and as to which there was no dispute, the balance be brought into court. The property, including the

machines in question, was sold accordingly, and the surplus deposited in court.

The machines were not so fixed to the factory as to constitute part of the realty. They were of a like character with the machines, in *Rogers* v. *Brokaw*, 10 C. E. Green 496, and fixed to the premises in like manner. The mechanics' liens, therefore, did not attach to them.

They were sold with the mortgaged premises, being regarded as fixtures resulting to the benefit of the mortgagee. The effect of the decree under which the premises were sold, was, and was intended to be, to transfer the litigation between the parties to the cross-bill, which had then been filed, (it was filed July 6th, 1869,) from the property to the surplus. The rights of the complainants in the cross-bill cannot be affected by that action of the court, except so far as they are compelled to submit to the loss occasioned by the sale of their property against their will, and to being deprived of the use of the proceeds of it for the long period of time which has elapsed since the sale. To that they are compelled to submit, as a necessity of judicial proceedings. They are entitled to receive, not what can be shown to have been the value of the machines at the time they were sold, unless the property was sold at a full price, but the amount which equitably should be awarded to them out of the surplus in respect to the machines, having due regard to the depreciation of the whole property in the sale, if it, in fact, brought at the sale less than its value.

There will be a reference to a master, to determine what such equitable amount is.